IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV214 |
| | ) | |
| v. | ) | |
| | ) | |
| $20,000.00 IN UNITED STATES CURRENCY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court for resolution of the issues of attorney's fees and interest. The government has not opposed the claimant's request for attorney's fees and submits the issue to the court for its determination. Filing No. 30, Government's Brief. Under the Civil Asset Forfeiture Reform Act, the United States is liable for interest, attorney's fees, and other litigation costs reasonably incurred by a claimant who substantially prevails against the government in a civil forfeiture action. 28 U.S.C. § 2465. The court finds that plaintiff has substantially prevailed in this action. The seizure of $20,000.00 in United States currency by the government was not supported by probable cause and an award of interest, attorney's fees and litigation costs is appropriate.

The government has informed the court that the principal in the amount of $20,000.00 was returned to the claimant on March 4, 2008. The government has further informed the court that the amount of interest due claimant, calculated at Seized Asset Deposit Fund rates, up to that date is $923.78.

The claimant has shown that he incurred reasonable attorney's fees in the amount of $7,320.00, based on 46.8 hours of work at the rates of $150.00 per hour for out-of-court time and $200.00 per hour for time in court, and costs in the amount of $615.75. Filing No. 29, Ex. 116. Based on its experience, the court finds that those hourly rates are

reasonable for legal work performed for similar services by counsel of reasonably comparable skill and experience in this community.  The claimant has also shown that he entered into a contingency fee agreement with his counsel, agreeing to pay counsel 40% of the money recovered, but providing that if attorney's fees were awarded by the court, counsel would not be entitled to fees in excess of 40% of the $20,000.00 originally seized. Courts have approved awards calculated under the lodestar analysis and adjusted by factors including a contingency fee arrangement in challenges to asset forfeitures.  *See United States v. United States Currency in the Sum of $660,200.00,* 438 F. Supp. 2d 67, 72 (E.D.N.Y. 2006).   Accordingly, the court finds that an award of $8,000.00 in attorney's fees is appropriate.

THEREFORE, IT IS ORDERED:

1.  Judgment is entered in favor of the claimant Deon Owens and against the United States in the amount of $923.78 for interest.

2.  Judgment is entered in favor of the claimant Deon Owens and against the United States in the amount of $8,000.00 for attorney's fees.

3.  Judgment is entered in favor of the claimant Deon Owens and against the United States in the amount of $615.75 for litigation costs.

4.  Post-judgment interest at the legal rate is awarded to the claimant Deon Owens and against the United States from and after this date until the judgment is fully paid.

DATED this 18th day of March, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge